IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE PAUL WOODHAM, | No. C 09-02795 CW (PR) |
|     Petitioner. | ORDER DENYING PETITIONER'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL AND HIS MOTION FOR EVIDENTIARY HEARING; AND ADDRESSING HIS OTHER PENDING MOTIONS |
|   v. | |
| A. HEDGEPETH, et al., | |
|     Respondents. | |
| | (Docket nos. 10, 13, 14) |

On November 24, 2009, the Court denied Petitioner's first motion for appointment of counsel. Before the Court are Petitioner's second motion for appointment of counsel and his motion for an evidentiary hearing. Respondent opposes Petitioner's motion for an evidentiary hearing.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). However, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations, see Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied,

1  382 U.S. 996 (1966), and whenever an evidentiary hearing is
2  required, see Rule 8(c) of the Rules Governing Section 2254 Cases;
3  United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995);
4  Bashor, 730 F.2d at 1234.
5      The Court finds that the appointment of counsel is still not
6  necessary at this time.  Petitioner's claims are typical claims and
7  are not especially complex.  This is not an exceptional case that
8  would warrant representation on federal habeas review.
9      There also is no indication that an evidentiary hearing is
10 required under 28 U.S.C. § 2254(e).  Petitioner's claims do not rely
11 upon extra-record evidence and a factual basis exists in the record
12 to determine the claims.  If during its review of the merits of the
13 petition the Court determines that further fact finding is required,
14 the Court will decide whether to hold an evidentiary hearing or
15 whether the facts can be gathered by way of mechanisms short of an
16 evidentiary hearing, such as supplementation of the record with
17 sworn declarations from the pertinent witnesses.  See Downs v. Hoyt,
18 232 F.3d 1031, 1041 (9th Cir. 2000).
19     For these reasons, the Court DENIES Petitioner's second motion
20 for appointment of counsel and his motion for an evidentiary hearing
21 (docket no. 13).
22     Also before the Court is Petitioner's "Notice of Related
23 Cases," which is construed as a motion to relate the present case
24 with Renteria v. Hedgepeth, Case No. C 09-5230 CW (PR).  In Case
25 No. C 09-5230 CW (PR), the Court denied Luis Renteria's "Motion for
26 Consolidation of This Case with Case No. CV-09-2795 CW (PR) -
27 Woodham v. Hedgepeth" in an Order dated April 20, 2010.  (Apr. 20,
28

2

2010 Order in Case No. C 09-5230 CW (PR) at 2.)  Therefore, Petitioner's motion to relate his case with Mr. Renteria's case (docket no. 10) is DENIED.

    Finally, Petitioner requests the Court take judicial notice of documents that he received from Salinas Valley State Prison, including: (1) a "new legal status summary sheet" (Exhibit A); and (2) a two-page legal status summary print-out dated February 10, 2010 as well as a form entitled, "Recalculation of MEPD for 15-Life and 25-Life Prisoners," also dated February 10, 2010 (Exhibit B). Petitioner's request for the Court to take judicial notice of the documents named above (docket no. 14) is GRANTED.

    This Order terminates Docket nos. 10, 13 and 14.

    IT IS SO ORDERED.

Dated: 9/13/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GENE PAUL WOODHAM,

    Plaintiff,

 v.

A HEDGEPETH et al,

    Defendant.

                 /

Case Number: CV09-02795 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gene P. Woodham C-67944
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: September 13, 2010

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk

4