**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8
GENE PAUL WOODHAM,              )  No. C 09-2795 CW (PR)
9                               )
            Petitioner,         )  ORDER DENYING PETITION FOR A
10                              )  WRIT OF HABEAS CORPUS
       v.                       )
11                              )
A. HEDGPETH, Warden,            )
12                              )
            Respondent.         )
13  _____ )

14

15                          INTRODUCTION

16      This is a federal habeas corpus action filed by a pro se

17  state prisoner pursuant to 28 U.S.C. § 2254.  For the reasons set

18  forth below, the petition is DENIED.

19                          BACKGROUND

20      Petitioner is serving a sentence of sixteen years to life in

21  state prison after having been convicted of second degree murder

22  in 1983.  In the instant petition, Petitioner is not challenging

23  his conviction or a parole denial.  Rather, his sole claim is that

24  his continued incarceration past his "maximum eligible parole

25  release date" of June 16, 1999 is a violation of his right to due

26

27

28

**United States District Court**
For the Northern District of California

process.  (Pet. at 6.)[1]  The sole basis for his claim is that

"maximum eligible parole release date" appears on documents from

California Department of Corrections and Rehabilitation (CDCR)

that are in his file.  (Pet., Ex. A.)  Petitioner sought, but was

denied, relief on state collateral review on this claim.  This

federal habeas petition followed.

Respondent asserts that the "maximum eligible parole date" --

which here is sixteen years after Petitioner was first

incarcerated, that is, his minimum sentence -- is used by the CDCR

to calculate an inmate's minimum eligible parole release date, and

does not create a constitutionally protected liberty interest.

(Ans. at 6.)

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with

respect to any claim that was adjudicated on the merits in state

court unless the state court's adjudication of the claims:

"(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in

the State court proceeding."  28 U.S.C. § 2254(d).

---

[1] Petitioner also claims, without elaboration, that his continued incarceration violates his right to equal protection. (Pet. at 6.) Because Petitioner's contentions are directed solely to due process, the Court does not address herein Petitioner's unsupported equal protection claim.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412.

## DISCUSSION

Petitioner's claim fails because he has no liberty interest in his "maximum eligible parole release date." "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). A prisoner may acquire a liberty interest in parole if a state, through the use of mandatory language, creates a presumption that parole will be granted when certain designated conditions are satisfied. See Board of Pardons v. Allen, 482 U.S. 369, 377-78 (1987). The

3

**United States District Court**
For the Northern District of California

1
2
3

"maximum eligibility parole date" does not create a recognized

liberty interest protected by the Due Process Clause.  See

Fryburger v. Curry, 348 Fed. Appx. 273 (9th. Cir. 2009).

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

        In the instant matter, no parole date has been set, nor was

Petitioner promised at any time that he would be paroled on a

particular date.  Petitioner has been promised only that he may

become eligible for parole consideration.  Prisoners serving an

indeterminate sentence for second degree murder, such as in the

instant matter, "may serve up to life in prison but may become

eligible for parole consideration after serving minimum terms of

confinement."  Irons v. Carey, 505 F.3d 846, 851 (9th Cir.

2007)(internal quotation marks omitted) (overruled on other

grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010)(en

banc)).  The appearance of a "maximum eligible parole date" in

CDCR documents in Petitioner's file does not change this state of

affairs.  That is, "maximum eligible parole date" does not set a

parole date, but rather is a point of reference used by the CDCR

to calculate parole eligibility dates, and, its appearance in

documentation in Petitioner's file does not, under Ninth Circuit

case law, create a liberty interest.  Accordingly, Petitioner's

claim is DENIED.

25

                              CONCLUSION

26
27
28

    The state court's denial of Petitioner's claims did not

result in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law, nor

United States District Court
For the Northern District of California

1   did it result in a decision that was based on an unreasonable

2   determination of the facts in light of the evidence presented in

3   the state court proceeding.  Accordingly, the petition is DENIED.

4       A certificate of appealability will not issue.  Reasonable

5   jurists would not "find the district court's assessment of the

6   constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>,

7   529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of

8   appealability from the Court of Appeals.

9       The Clerk shall enter judgment in favor of respondent, and

10  close the file.

11      IT IS SO ORDERED.

12  DATED: 2/14/2011

13  _____
    CLAUDIA WILKEN
    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GENE PAUL WOODHAM,                                    Case Number: CV09-02795 CW

            Plaintiff,                                **CERTIFICATE OF SERVICE**

    v.

A HEDGEPETH et al,

            Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on February 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

Gene P. Woodham C-67944
Salinas Valley State Prison
P.O. Box 1050
Soledad,  CA 93960-1050

Dated: February 14, 2011

                                        Richard W. Wieking, Clerk
                                        By: Nikki Riley, Deputy Clerk

6